UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

FRANCES WILLIAMSON,

    Plaintiff,

    CASE NO.:

v.

PORTFOLIO RECOVERY ASSOCIATES,
LLC, a foreign limited liability company,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Portfolio Recovery Associates, LLC, by and through its undersigned counsel, and pursuant to Title 28, United States Code, sections 1331, 1367, 1441(a), and 1446, hereby files this, its Notice of Removal, and in support thereof, states as follows:

1. On or about October 27, 2014, Plaintiff initiated an action in the Magistrate Court of Houston County, Georgia, Case Number 2014-MW-01460513.

2. The Summons and Complaint were served on Defendant on October 28, 2014.

3. True and correct copies of the Summons and Complaint are attached hereto as *Exhibit A* and *Exhibit B*, respectively. The attached documents constitute true and correct copies of all process and pleadings served upon Defendant.

4. Plaintiff's Complaint alleges a cause of action under the under the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§1692 *et seq.*

5. Plaintiff's Complaint also alleges a cause of action under the Georgia Fair Business Practices Act ("FBPA"), O.C.G.A. §§ 10-1-390, et seq., and a cause of action for common law intentional inflection of emotional distress ("IIED").

6. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." As such, the United States District Court for the Middle District of Georgia has original jurisdiction over Plaintiff's FDCPA claim, as it arises under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331.

7. Defendant is entitled to remove Plaintiff's FDCPA claim to this Court pursuant to 28 U.S.C. §1441(a), which states as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

8. Accordingly, Defendant is entitled to remove Plaintiff's FDCPA claim to the United States District Court for the Middle District of Georgia, Macon Division, because this Court has original jurisdiction over this claim. 28 U.S.C. § 1441(a).[1]

9. This Court has supplemental jurisdiction over Plaintiff's FBPA and IIED claims by virtue of the Court's original jurisdiction over Plaintiff's FDCPA claim. 28 U.S.C. § 1367(a).

---

[1] Plaintiff's Complaint alleges that he resides in Houston County, Georgia, and that Huston County, Georgia is where the cause of action accrued. (Compl. ¶ 4.) Therefore, venue is proper in the Macon Division of the Middle District of Georgia pursuant to Local Rule 3.4.

10. This Court should exercise supplemental jurisdiction over Plaintiff's FBPA and IIED claims because they arise from the same core of (alleged) operative facts and involve substantially similar questions of law as Plaintiff's FDCPA claim. 28 U.S.C. § 1367(a). Indeed, all claims asserted in Plaintiff's Complaint arise from Defendant's alleged improper debt collection activity and therefore form part of the same case or controversy. (*See* Compl. ¶¶ 10; 12; 13; 19-23; 25.) Moreover, Plaintiff's FBPA and IIED claims do not involve novel or complex issues of Georgia law, nor do they substantially predominate over the FDCPA claim, and there are no other "compelling" reasons for declining supplemental jurisdiction in this case. *See* 28 U.S.C. §§ 1367(a); (c).

11. As a result, all claims alleged in Plaintiff's Complaint must be removed to this Court pursuant to 28 U.S.C. § 1441.

12. True and correct copies of this Notice were filed with the Clerk of the United States District Court within thirty (30) days after service of the Complaint upon the Defendant. 28 U.S.C. §1446(b).

13. The undersigned certifies that Defendant has consented to the removal of this action from the Magistrate Court of Houston County, Georgia, to the United States District Court for the Middle District of Georgia, Macon Division, and further certifies that there are no other active defendants in this action.

14. The undersigned certifies that the Notice of Removal attached hereto as *Exhibit C* will be served on all adverse parties and filed with the Clerk of the State Court promptly after the filing of this Notice in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this case proceed in this Court as an action properly removed to it.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 14th, 2014 the foregoing was electronically filed with the Clerk of Court using the ECF electronic filing system which electronically notifies the following:

>Clifford Carlson, Esq.
>Cliff Carlson Law. P.C.
>4501 Russell Parkway, Suite 24
>Warner Robins, GA 31088
>cc@cliffcarlsonlaw.com

>*Robert E. Sickles*
>Robert E. Sickles
>Georgia Bar No. 840892
>rsickles@hinshawlaw.com
>**HINSHAW & CULBERTSON LLP**
>100 South Ashley Drive, Suite 500
>Tampa, FL 33602-5301
>Telephone: (813) 276-1662
>Facsimile: (813) 276-1956
>*Attorneys for Defendant*