UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

FRANCES WILLIAMSON,

    Plaintiff,

CASE NO.: 5:14-cv-00400-MTT

v.

PORTFOLIO RECOVERY ASSOCIATES,
LLC, a foreign limited liability company,

    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Portfolio Recovery Associates, LLC, by and through its undersigned counsel and in accordance with the Federal Rules of Civil Procedure, hereby file this, its Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Admitted that Defendant is a Delaware for profit corporation.

2. Admitted.

3. Defendant agrees to personal jurisdiction in this Court for this dispute.

4. Denied that any tortious acts directed to Plaintiff occurred.

5. Denied that Plaintiff has suffered any damages, however, to the extent that Plaintiff has suffered damages, admitted that they are less than the jurisdictional amounts of Magistrate Court.

6. Admitted that venue and jurisdiction are proper in this Court.

7. Admitted that Plaintiff is a natural person.

8.     Admitted that in certain circumstances prescribed by statute, Defendant is a debt collector as that term is defined by the Federal Fair Debt Collection Practices Act. It is unknown as to whether those facts or circumstances exist here.

## LEGAL CLAIMS

### COUNT I -  FAIR BUSINESS PRACTICES ACT

9.     Defendant realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 8 above as if each was fully written herein.

10.    This paragraph calls for a legal conclusion in that it seeks an interpretation of the applicability of the Georgia Fair Business Practices Act. To the extent that a response is required, Defendant denies same.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

### COUNT II – FAIR DEBT COLLECTION PRACTICES ACT

18.    Defendant realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 8 above as if each was fully written herein.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23. Denied.

24. Denied.

### COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. Defendant realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 8 above as if each was fully written herein.

26. Denied.

### COUNT IV – ATTORNEYS FEES

27. Denied.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and award Defendant its attorneys' fees and costs pursuant to the Georgia Fair Business Practices Act and the Federal Fair Debt Collection Practices Act if the statutory criteria are met and for such further relief as the Court deems just and proper.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Defendant states that any violation of the FDCPA which Defendant denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

#### Second Affirmative Defense

To the extent that Plaintiff seeks recovery of any actual damages, such damages were caused by a superseding or intervening cause.

#### Third Affirmative Defense

Defendant states that Plaintiff fails to state a claim or cause of action.

### Fourth Affirmative Defense

Plaintiff's damages are barred or should be reduced based upon Plaintiff's failure to mitigate her damages.

### Fifth Affirmative Defense

Plaintiff's claims under the Georgia Fair Business Practices Act are barred based upon Plaintiff's failure to fully comply with 10-1-393 *et seq*.

### Sixth Affirmative Defense

The Georgia Fair Business Practices Act does not apply to the activities alleged by Plaintiff because such activities are regulated under rules and regulations promulgated by a regulatory agency of the United States.

### Seventh Affirmative Defense

Defendant reserves the right to allege additional affirmative defenses which cannot be articulated at this time.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 2, 2014 the foregoing was electronically filed with the Clerk of Court using the ECF electronic filing system which electronically notifies the following:

> Clifford Carlson, Esq.
> Cliff Carlson Law. P.C.
> 4501 Russell Parkway, Suite 24
> Warner Robins, GA 31088
> cc@cliffcarlsonlaw.com

*<u>Robert E. Sickles</u>* _____
Robert E. Sickles
Georgia Bar No. 840892
rsickles@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
100 South Ashley Drive, Suite 500
Tampa, FL 33602-5301
Telephone: (813) 276-1662
Facsimile: (813) 276-1956
*Attorneys for Defendant*